UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **HENRY L. JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No.: 21-1013-JBM |
| ) | |
| **FREDERICK ENTZEL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MERIT REVIEW ORDER and ORDER ON INJUNCTIVE RELIEF

Plaintiff, proceeding *pro se*, is currently confined at the FCI-Pekin Federal Prison in Pekin, Illinois. Plaintiff has filed a *Bivens* complaint and petition to proceed *in forma pauperis* ("IFP"), naming the FCI-Pekin Warden as the sole Defendant. Plaintiff alleges inhumane conditions of confinement at FCI-Pekin due to the spread of the COVID-19 virus.[1] Plaintiff has also filed a motion for injunctive relief [ECF 4], requesting that the Court order the Warden to petition for Plaintiff's early release or release to home confinement and that the Court order the medical records custodian to produce Plaintiff's medical records. Plaintiff discloses that he had previously been issued three "strikes" pursuant to 28 U.S.C. §1915(g) for filing frivolous claims. As a result, he cannot proceed IFP unless under imminent danger of serious physical injury. *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Plaintiff also asserts that he did not exhaust his administrative remedies as his attempts were "denied" by staff.

The complaint is now before the Court for purposes of a merit review. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). In addition, as Plaintiff has been assessed three strikes, he cannot proceed IFP as requested, unless he successfully alleges imminent danger. The imminent danger exception is to be narrowly construed as it is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat ...is real and proximate." *Heimermann v Litxcher,* 337 F3d 781 (7th Cir. 2003) citing *Lewis,* 279 F.3d at 531. The threatened harm must be occurring "at the time the complaint is filed." *Ciarpagini v. Saini,* 352 F3d 328, 330 (7th Cir. 2003). In addition, the danger must involve "serious physical injury." 28 U.S.C. § 1915(g). A court should deny a 3-strike plaintiff leave to proceed *in forma pauperis* "when prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpagini,* 352 F3d at 330.

## ALLEGATIONS

Plaintiff alleges that since July 2020, he has been held at FCI-Pekin which houses more than 1000 inmates. Plaintiff claims that half of the inmates and staff have been infected with the COVID-19 virus. Plaintiff asserts that Defendant Warden Entzel has mismanaged the pandemic and is incapable of protecting inmates from infection. Plaintiff claims that staff does not always wear masks and some who wear masks have them pulled down below their chins. He alleges, further, that Defendant has failed to provide disinfectant and PPE (Personal Protective Equipment) to inmates, has not provided sufficient testing and contact tracing, and has allowed the transfer-in of inmates from the outside and from other prisons. Plaintiff also asserts that in October 2020, Defendant allowed in-person visitation at the prison, in contravention of Center for Disease Control ("CDC") guidelines.

Plaintiff pleads that, while he has not yet contracted the virus, he remains in fear that he will. Plaintiff claims that he is at high risk as he is overweight, suffers from asthma and has

"damaged lungs" from being shot in the torso in June 2004. On an unidentified date in August 2020, Plaintiff requested that the Warden file a motion for compassionate release on his behalf, a request which was denied on September 1, 2020. Sometime in August 2020, prior to the Warden rendering a decision, Plaintiff directly petitioned the court for compassionate release. It is presumed that Plaintiff filed the motion in the court which originally sentenced him under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), which provides for an inmate's early release if there are "extraordinary and compelling reasons." The sentencing court denied the motion on November 20, 2020. Plaintiff claims that his motion was denied due to his being unable to provide relevant medical records as Ms. Conette, the medical records custodian, failed to produce them despite multiple requests. Despite this, Plaintiff has named Ms. Conette as a Defendant. Plaintiff requests unspecified money damages in his *Bivens* claim.

Plaintiff has also filed [4], a motion for injunctive relief. There, Plaintiff reasserts the allegations that Defendant Entzel has poorly managed the COVID-19 outbreak at FCI-Pekin. He also repleads that Defendant denied his request for compassionate release and that his August 2020 petition to the courts was also denied. Plaintiff requests injunctive relief in the form of an order that Defendant Entzel petition for Plaintiff's early release or placement on home confinement; an order that medical records custodian, Ms. Conette, produce Plaintiff's medical records; and that the Court waive his failure to exhaust administrative remedies.

## ANALYSIS

Here, Plaintiff correctly files his claim under *Bivens* as he is contesting the conditions under which he is held. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). If "a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held," he must bring the claim in a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under habeas. This is so even where the petitioner seeks release due to the complained-of conditions, provided he does not assert that the fact of his confinement is unconstitutional. *Sloat v. Marion County Law Enf't Ctr.,* No. 20- 01080, 2020 WL 6203251, at *1 (S.D. Ill. Oct. 22, 2020).

Plaintiff alleges inhumane conditions of confinement in that Defendant Entzel allowed staff to wear masks incorrectly or not wear them at all; that Defendant has not provided disinfectant and PPE to inmates; that Defendant has not provided sufficient testing and contact tracing; that Defendant has allowed new inmates to be transferred into the facility and; that in October 2020, Defendant allowed in-person visitation at the prison. Conditions of confinement will violate the Eighth Amendment when they rise to the level of "cruel and unusual punishments." *Farmer v. Brennan*, 511 U.S. 825, 832 (1970).To successfully allege that a defendant was deliberately indifferent to inhumane conditions of confinement, a plaintiff must establish both an objective and a subjective component. To establish the objective component, the pleadings must identify deprivations which were 'objectively, sufficiently serious…' and that 'the prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities.'" *Staggs v. Hollenbeck*, 248 F.3d 1159 (7th Cir. 2000) (internal citation omitted). To establish the subjective component, a plaintiff must show that a defendant was deliberately indifferent, "that the official knew about the risk of harm, had the ability to prevent the harm, and failed to do so." *Williams v. Schmidt*, No. 14-487, 2019 WL 1046167, at *1 (W.D. Wis. Mar. 5, 2019) citing *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009).

To be subjectively liable, a defendant's actions must have been intentional or deliberately indifferent in "conscious disregard of a known, serious risk to the prisoner-[as this] can be considered punishment. *Blankenship v. Kittle*, No.03-3573, 2003 WL 22048712, at *1–2 (N.D.

Ill. Aug. 6, 2003) (internal citations omitted). It has been recognized, however, that prison staff's inconsistent wearing of face masks does not reach the level of deliberate indifference required to plead a constitutional claim. *Mayfield v. Peissig*, No. 20- 269, 2020 WL 3414757, at *1 (W.D. Wis. June 22, 2020). "In sum, plaintiff's general allegations about a lack of social distancing and inconsistent mask use at the prison do not suggest that the conditions of plaintiff's confinement are inhumane or that defendants are acting with deliberate indifference to a significant risk of harm to plaintiff's health or safety." *Id*. *See also*, *Wragg v. Ortiz*, 462 F. Supp. 3d 476, 506, 509 (D.N.J. 2020) (denying injunctive relief requesting inmate COVID testing and social distancing). While providing PPE and engaging in frequent testing and contact tracing would be optimal, their lack does not evidence the level of culpability necessary to plead deliberate indifference. The minimum intent required is "*actual* knowledge of *impending* harm *easily* preventable." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (emphasis in original).

      Here, Plaintiff does not support that Defendant acted with the requisite intent, that he could have easily prevented the harm but failed to take the steps to do so. It is recognized that the COVID-19 pandemic is currently raging throughout the country despite the many efforts to contain it. Allegations that the prison Warden has been unable to contain the transmission of the virus, without more, does not plead deliberate indifference. *See Williams,* 2019 WL 1046167, at *1 (defendant must have had the ability but failed to prevent the harm.) *See also*, *McGill v. Duckworth*, 944 F.2d 344, 348–49 (7th Cir. 1991), *overruled on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994). There, it was held that plaintiff could not "tax employees of the prison system with the effects of circumstances beyond their control." *McGill,* 944 F.2d at 349. Plaintiff offers nothing to support that the harm here could have been easily prevented. "If

the harm is remote rather than immediate, or the officials don't know about it or can't do anything about it, the subjective component is not established and the suit fails." *Jackson*, 955 F.2d at 22.

While Plaintiff has not named Ms. Conette as a Defendant, he alleges that her failure to produce medical records caused his motion for compassionate release to be denied by the sentencing court. This claim, however, is not borne out by the allegations of the complaint. Plaintiff has pled that he filed both the request to the Warden and the court motion in "August 2020." Under the First Step Act, Plaintiff was to wait for the Warden's response, or the lapse of 30 days, whichever was sooner, before filing in the sentencing court. *See United States v. Coles*, No. 00-20051, 2020 WL 1976296, at *2 (C.D. Ill. Apr. 24, 2020), citing 18 U.S.C. 3582(c)(1)(A). As a result, Plaintiff filed his motion prematurely, and it would appear that his motion was denied for his failure to follow the proper procedural steps rather than the failure to produce medical records. *See United States v. Banks*, No. 03- 40019, 2020 WL 3077316, at *1 (S.D. Ill. June 10, 2020)(prisoner failed to exhaust request for compassionate release where he did not wait the 30 days for the warden's response). As a result, Plaintiff fails to state a claim against Ms. Conette.

Plaintiff's complaint is dismissed, without prejudice for failure to plead a cognizable *Bivens* claim. As Plaintiff has not stated a claim, the Court does not address his admitted failure to exhaust. Plaintiff's petition to proceed IFP [ECF 4], is DENIED.

## REQUEST FOR INJUNCTIVE RELIEF

As noted, Plaintiff seeks injunctive relief asking, in part, that the Court order Defendant to petition for Plaintiff's early release or placement on home confinement; an order that medical records custodian, Ms. Conette, produce Plaintiff's medical records; and a waiver as to his failure to exhaust administrative remedies.

A preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.,* 549 F.3d 1079, 1085 (7th Cir. 2008). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

Here, the Court has dismissed Plaintiff's complaint for failure to plead a cognizable *Bivens* claim. As a result, Plaintiff cannot establish the first requirement for injunctive relief, that he has some likelihood of prevailing on the merits. *See Mays v. Dart*, 974 F.3d 810, 822 (7th Cir. 2020). "[A] plaintiff must demonstrate that 'its claim has some likelihood of success on the merits,' not merely a 'better than negligible' chance." As Plaintiff cannot establish one of the elements necessary for injunctive relief to issue, the Court need not consider the other elements. *See Ayoubi v. Wexford Health Sources, Inc.,* 819 Fed. Appx. 439, 441 (7th Cir. 2020) citing *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008).

While Plaintiff also asks that the medical records custodian be ordered to provide his records, as a general rule, the courts will not grant injunctive relief against non-parties. *Sherin v. Pugh*, No.11-772, 2013 WL 4776462, at *3 (W.D. Wis. Sept. 5, 2013). This request, too, is DENIED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is DISMISSED without prejudice for failure to state a claim. Plaintiff's IFP petition [ECF 3] is DENIED.

2. Plaintiff's motion for injunctive relief [ECF 4], is DENIED as Plaintiff has not established some likelihood that he would prevail on the merits of his claim.

3. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

 1/22/2021
ENTERED

     s/ Joe Billy McDade
     JOE BILLY McDADE
     UNITED STATES DISTRICT JUDGE